ORLEANS OYER AND TERMINER. May, 1855. Before *W. F. Allen*, Justice of the Supreme Court, *Curtis*, County Judge, and the Justices of the Sessions.

## THE PEOPLE *vs.* JAMES RANDOLPH.

A boy under fourteen years of age, indicted for rape, being presumed to be physically incompetent to commit the crime, can not be convicted of an assault and battery with intent to commit a rape, though he may be convicted of a simple assault and battery.

The prisoner was indicted for a rape and had been once tried and convicted. He was under the age of fourteen at the time of the alleged commission of the offence charged. Upon the former trial, the question was submitted to the jury, whether the prisoner was capable of committing the offence. Upon error brought upon that conviction, the Supreme Court sitting in the eighth district decided that the presumption of the incapacity of an individual under fourteen to commit the offence of rape was not conclusive, but might be overcome by evidence that the party charged had attained to puberty, but that there was no evidence of that fact upon the trial of this indictment which should have been submitted to the jury and reversed the conviction, granting a new trial to the prisoner. (*a*)

Upon the second trial, no additional evidence was offered tending to show the competency of the prisoner to commit the offence charged, and the court held, under the decision of the Supreme Court, that a conviction for the crime of rape could not be had.

*B. L. Bessac*, (District Attorney) urged that notwithstanding the age of the prisoner and his presumed inability to perpetrate the offence, he might lawfully be convicted of an assault *with intent* to commit a rape, and that it should be submitted to the jury with proper instructions to pass upon the guilt or innocence of the party, of this offence.

(*a*) See case reported page 174.

*Church & Davis,* for the defendant, insisted that the prisoner could only be convicted of a simple assault and battery upon the ground that the law adjudging that he could not commit the offence charged, he could not be guilty under the law of a criminal intent to commit the offence, and cited *Rex* v. *Eldersham,* 3 *C. & P.* 396; *Grovenbridge's case,* 7 *id.* 582 and *Regina* v. *Phillips,* 8 *id.* 736.

THE COURT ruled that the guilty intent, which, under the statute, aggravated a simple assault and battery and made it punishable as a felony, could not exist where there was a physical incapacity presumed by law of the person charged, to consummate the offence alleged to have been intended. The intent was simply a thought or desire, which could not in the nature of things produce any result, the highest offence of which the party was capable being a mere assault and battery, as determined by the law itself. The circumstances attending the assault are to be considered in awarding a punishment for the offence.

In *Eldersham's* case, Vaughan, B., held that a boy, under the age of fourteen, could not be convicted of an assault with intent to commit a rape. Gaselee, J., held the same, after consulting Lord Abinger, C. B., in *Rex* v. *Grovenbridge,* and Patterson, J., made the same ruling in *Phillips'* case. The reverse had been, before either of these cases, decided by the Supreme Judicial Court of Massachusetts in *Commonwealth* v. *Green,* 2 *Pick.* 380, *Parker, C. J., dissenting* The reasons assigned in the prevailing opinion are not sufficient, against the dissent of the Chief Justice, to overcome the force of the English cases and the principle upon which they are based. If the offence deserves a higher penalty than can be imposed for a simple assault and battery, the remedy is with the legislature, who can provide such a punishment as will most effectually protect females from boys of vicious propensities. That the presumption of impotency is in England absolute, while, as held by the Supreme Court in this case it is only *prima facie* in this

state, does not affect the question. It is conclusive until overcome by evidence.

Under the direction of the court, the prisoner was found guilty of an *assault and battery*.

